**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| EDWARD L. PERDEW, | Case No: 1:21-cv-732 |
| Plaintiff, | McFarland, J. |
| v. | Bowman, M.J. |
| CHARLES GAVIN, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On November 23, 2021, Plaintiff Edward L. Perdew initiated this action against various individual Mason School Board members along with the Mason School Board Superintendent, alleging abridgement of the Plaintiff's freedom of speech on two dates in October and November 2021. (Doc. 1).  On January 4, 2022, Plaintiff filed an amended complaint, replacing a list of individual defendants with the Mason City School Board ("Board")[1] as the sole Defendant.  Plaintiff's amended complaint seeks redress for the alleged abridgement of Plaintiff's freedom of speech on certain dates in 2021, pursuant to U.S. Const. amend. I and U.S. Const. amend. XIV. (Doc. 6).  After filing its answer on January 18, 2022, Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docs. 12, 18).  In response to Defendant's motion, Plaintiff filed a counter-motion for judgment on the pleadings.  (Doc.

---

[1]Plaintiff's amended complaint lists the Mason City School *District* as the sole Defendant, but the cover sheet and docket reflect the Defendant's name as the "Mason City School *Board*."  For purposes of this R&R, it is irrelevant whether Plaintiff intended to name the school "District" or its governing body, the school "Board."

19). For the following reasons, Defendant's motion should be GRANTED and Plaintiff's motion should be DENIED.

### I. Standard of Review

Unlike a Rule 56 motion that requires the Court to evaluate evidence of record, a motion filed under Rule 12 limits review to the pleadings themselves. The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987). When ruling on a defendant's Rule 12(c) motion, a district court "must construe the complaint in the light most favorable to the plaintiff [and] accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir. 2001) (citations omitted). Unlike under Rule 56, a court may not consider material outside of the pleadings when ruling on a motion under Fed. R. Civ. P. 12(c). *See Hickman v. Laskodi,* 45 Fed. Appx. 451, 454 (6th Cir. 2002).

Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual

allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint need not contain "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

II. **Facts Alleged in the Amended Complaint**

In order to apply the requisite standard of review, the Court reviews the allegations in the amended complaint. According to that pleading, Plaintiff and the Board reside in Warren County, Ohio. (Doc. 6 at § II ¶¶ 1-2). Plaintiff alleges that he emailed the Board on May 13, 2021, regarding "Critical Race Theory" ("CRT"). (*Id*. at § III, ¶2). Plaintiff alleges that he also "briefed" the Board on October 26, 2021, and November 11, 2021, regarding CRT. (*Id*. at § III, ¶¶ 3-4). Between November 12 and November 19, 2021, Plaintiff alleges he received a call from the Board President, Charles Gavin, who invited Plaintiff to discuss his concerns via telephone or a meeting. (*Id*. at § III ¶5). In response, on November 19, 2021, Plaintiff emailed Defendant to "demand[] public comment on Defendant's position of Critical Race Theory." (*Id*. at § III ¶6). On December 7, 2021, Plaintiff again "briefed" the Board on his opposition to CRT "and The Crucial Communist Teaching Act" at a Board meeting. (*Id*. at § III ¶7). Plaintiff alleges that the Board "failed to communicate its official public position on Critical Race Theory," which allegedly

violated Plaintiff's First Amendment Rights as well as the Fourteenth Amendment. (*Id*. at § III, ¶ 9; *see also id*. at § IV).

### III. Analysis

Defendant contends that it is entitled to dismissal of Plaintiff's first amended complaint because Plaintiff has failed to allege facts from which any plausible constitutional violation might be inferred under U.S. Const. amend. I. (Doc. 18). The undersigned agrees. "The First Amendment, applicable to the states through the Fourteenth, prohibits the government from 'abridging the freedom of speech.'" *Ison v. Madison Local School District Board of Education*, 3 F.4th 887, 892 (6th Cir. 2021). However, while the First Amendment "guarantees the right of the people…to petition the Government for a redress of grievances," it "does not guarantee a response to the petition or the right to compel government officials to act upon or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The sole basis for Plaintiff's claim is the Board's failure to "communicate its official public position" on "Critical Race Theory" or to accede to Plaintiff's demands for a formal response to his repeated inquiries about CRT. Plaintiff's case is legally indistinguishable from the facts alleged by the plaintiff in *Apple v. Glenn*, in which the plaintiff alleged that government officials had "violated his First Amendment right to petition the government because they did not answer his many letters or take the action requested in those letters." *Id*. at 478-479. In that case, the Sixth Circuit affirmed dismissal of the complaint because the plaintiff's allegations were "not arguably plausible" and failed to state any First Amendment claim.

Here, Plaintiff Perdew similarly fails to allege any facts that would support a plausible First Amendment claim. To the contrary, his allegations confirm that Plaintiff freely exercised his First Amendment right to petition the Board and to speak publicly at its meetings on at least three occasions (October 26, November 16, and December 7, 2021). (Doc. 6 § III, ¶¶ 3, 4, and 7; *see also* Doc. 19 at 7). In Plaintiff's counter-motion for judgment on the pleadings, he repeatedly argues that Defendant violated his constitutional rights by failing to respond to his email(s) and/or spoken remarks. (Doc. 19 at 7, complaining of "[n]o response for or against, no accountability" concerning the board's position on CRT). Because Plaintiff does not allege that his speech was curtailed, but only that he did not receive the response he requested, he has failed to state any plausible claim. *Contrast Regenold v. Ohio State Board of Education*, 2021 WL 2895130, at *7 (S.D. Ohio, 2021) (denying dismissal of claim where plaintiff had alleged that the *denial* of his right to speak at a public board meeting, and preclusion of speech on certain topics at board meetings, violated the First Amendment); *see also, generally, Ison*, 3 F.4th at 893 (6th Cir. 2021) (upholding reasonable time, place and manner restrictions in a limited public forum such as a school board meeting). The First Amendment only affords a citizen the right to petition the government; the Board did not violate Plaintiff's rights by failing to respond under the facts alleged herein. *See Apple*, 183 F.3d at 479.

IV. **Conclusion and Recommendation**

Because Plaintiff has failed to allege any plausible constitutional violation, Defendant's motion for judgment on the pleadings is well-taken. Accordingly, **IT IS RECOMMENDED THAT** Defendant's motion (Doc. 18) be **GRANTED** and that Plaintiff's counter-motion for judgment on the pleadings (Doc. 19) be **DENIED**.

     *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EDWARD L. PERDEW,                        Case No: 1:21-cv-732

        Plaintiff,                              McFarland, J.
v.                                         Bowman, M.J.

CHARLES GAVIN, et al.,

        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).